IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| CHASE M. BRAUN, | |
| Plaintiff, | Case No. 18 C 4850 |
| v. | Magistrate Judge Sunil R. Harjani |
| VILLAGE OF PALANTINE, et al. | |
| Defendants. | |

**MEMORANDUM OPINION AND ORDER**

Plaintiff Charles M. Braun has sued the Village of Palatine and Michael Licari under 42 U.S.C. §1983 for his arrest and detention by Officer Licari as a result of a car crash on September 12, 2017. Pursuant to Federal Rule of Civil Procedure 36(b)(6), Plaintiff has moved to determine the sufficiency of Defendant's answers to four Rule 36 requests for admission. For the reasons stated below, Plaintiff's motion [104] is granted in part and denied in part.

**Discussion**

The present dispute arises from a fundamental misunderstanding of Rule 36 of the Federal Rules of Civil Procedure. Rule 36 allows parties to narrow the facts and issues in the case by soliciting admissions or denials in the form of requests to admit. Case law in this district sometimes state that a Rule 36 request is not a discovery tool, but that really stems from a misinterpretation of the word "discovery." *See e.g. Tamas v. Family Video Movie Club*, 301 F.R.D. 346, 347 (N.D. Ill. 2014) (stating that Rule 36 is not a discovery device). Discovery involves both uncovering facts that help prove a claim or defense and also seeking admissions as to whether certain facts are true or not. Different discovery tools serve these two purposes in the Federal Rules of Civil Procedure—Rule 33 is solely devoted to the former, Rule 36 to the latter, and other tools satisfy both purposes. Further, requests to admit are really no different than leading questions

that are asked at depositions designed to elicit a "yes" or "no" answer. The only difference is that an admission under Rule 36 is conclusively established and is binding on that party. Fed. R. Civ. P. 36(b). Moreover, obtaining a denial on a Rule 36 request is often equally as significant as obtaining an admission, because denials have their own independent evidentiary value and it also secures a party's answer on a particular fact such that it cannot later change that answer at trial. The Federal Rules of Civil Procedure themselves recognize that Rule 36 is a discovery tool—Rule 36 is explicitly placed under Title V of the Federal Rules of Civil Procedure, titled "Disclosures and Discovery" and Rule 37, the rule that governs sanctions for discovery violations, has a specific section that provides remedies for a party's failure to admit a fact. *See* Fed. R. Civ. P. 37(c)(2). Moreover, when it enacted an amendment to the rule in 1970, the Advisory Committee provided its view on this matter when it stated that "the procedural operation of the rule is brought into line with *other discovery procedures*...." (emphasis supplied). The United States Supreme Court has indicated, without squarely addressing the issue, its perspective that Rule 36 is a discovery tool. *Fed. Mar. Comm'n v. S.C. State Ports Auth.*, 535 U.S. 743, 758 (2002). Courts also expect that parties will serve and respond to Rule 36 requests during fact discovery and before fact discovery is closed. *Finnerman v. Daimler Chrysler Corp.*, No. 16 C 451, 2017 WL 4772736, at *4 (N.D. Ill. Oct. 23, 2017). For all these reasons, a Rule 36 request to admit is most certainly a discovery tool.

      Here, Plaintiff has moved to compel responses to Requests No. 3, 4, and 6, complaining that Defendants only responded "Deny" without any further elaboration, citing to Rule 36(b)(4). While requests to admit are discovery tools, explanations of answers are not required. *See United Coal Co. v. Powell Cost. Co.*, 839 F.2d 958, 967 (3d Cir. 1988). If explanations are sought, an interrogatory under Rule 33 is the proper discovery tool. Rule 36 only provides five possible

responses: (1) admit; (2) deny; (3) partial admissions and denials; (4) lack of knowledge or information to admit or deny; and (5) objection to the request. *Buchanan v. Chicago Transit Authority*, 16 C 4577, 2016 WL 711659, *3 (N.D. Ill. Dec 7, 2016). When a party denies a request, it need only state "Deny" and no further explanation is needed.

Furthermore, Rule 36(b)(4), relied on by the Plaintiff, states that a party "must fairly respond to the substance of the matter[.]" Fed. R. Civ. P. 36(b)(4). This provision ensures that parties are not improperly asserting denials based on disagreements over inconsequential and minor terms in a request to admit, and that a denial is a true denial that responds to the substantive nature of the request. Contrary to Plaintiff's assertion, it does not impose a requirement for an explanation of the denial. In situations where a party must qualify an answer, the rule further provides that a party "must specify the part admitted and qualify or deny the rest." *Id.* Thus, an explanation is only necessary when a party admits part of the request and needs to explain why it is qualifying the answer and/or denying the remainder of the answer.

Accordingly, Plaintiff's motion with respect to Requests Number 3, 4, and 6 is denied. Defendants have responded with "Deny" and that is all the rule requires If Plaintiff later determines that these facts should have been admitted, he may move for sanctions. Rule 37(c)(2) provides that if a "party fails to admit what is requested under Rule 36 and if the requesting party later proves a document to be genuine or the matter true, the requesting party may move that the party who failed to admit pay the reasonable expenses, including attorney's fees, incurred in making that proof." Fed. R. Civ. P. 37(c)(2). However, at this time, Plaintiff has not provided any evidence to question the veracity of these responses.

As to Request Number 5, Defendants respond by stating they can "neither admit nor deny" the request because "there is no specific documentation memorializing whether any such event

occurred and do not know whether such event did or did not occur." This response is deficient. First, Defendants must state they "lack knowledge or information" to admit or deny, rather than refusing to admit or deny the request. Second, under Rule 36(b)(4), Defendants must also state "that it has made reasonable inquiry and that the information it knows or can readily obtain is insufficient to enable it to admit or deny." Defendants' response satisfied neither of these two requirements. While Defendants now state in their response brief that they have made a reasonable inquiry with their client, an answer in a response brief does not qualify as compliance with Rule 36. Defendants should also state in detail what reasonable inquiry it made and why that inquiry renders it insufficient to admit or deny. Case law has suggested that this is good practice, and in any event, it will avoid another motion to test the sufficiency of that answer. *Loudermilk v. Best Pallet Co.*, 08 C 06869, 2009 WL 3272429, at *1 (N.D. Il. Oct. 8, 2019*); Hopfinger v. City of Nashville*, 18 C 1523, 2020 WL 1169342, at *2 (N.D. Il. March 11, 2020). Thus, Defendants are ordered to amend their answer to Request Number 5.

## Conclusion

For the reasons stated above, Plaintiff's motion to qualify defendants' responses to Rule 36 requests to admit [104] is granted in part and denied in part.

**SO ORDERED.**

Dated: April 16, 2020

_____
Sunil R. Harjani
United States Magistrate Judge