IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| CHASE M. BRAUN, | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 18 C 4850 |
| | ) | |
| v. | ) | |
| | ) | Judge Robert W. Gettleman |
| VILLAGE OF PALATINE, a municipal | ) | |
| corporation, and MICHAEL LICARI, individually | ) | |
| and as agent of the Village of Palatine, | ) | |
| | ) | |
| Defendants. | ) | |

**MEMORANDUM OPINION & ORDER**

Plaintiff Chase Braun brought a nine count complaint against the Village of Palatine ("Village") and Officer Michael Licari, alleging malicious prosecution under state law (Count I), civil battery (Count II), false arrest under Illinois law and 42 U.S.C. § 1983 (Counts III and IV, respectively), failure to provide necessary medical care under 42 U.S.C. § 1983 (Count V), willful and wanton conduct (Count VI against Licari, Count VII against the Village), indemnification (Count VIII), and respondeat superior (Count IX). Defendants have moved for summary judgment on all counts. Plaintiff cross-moved for summary judgment on Counts I, III, and V. For the reasons discussed below, plaintiff's motion is denied for Counts III and V, and defendant's motion is granted for Counts III, IV, and V. The court declines to exercise supplemental jurisdiction over the remaining state law claims.

**BACKGROUND**

**1) Preliminary Issues**

Before addressing the parties' arguments, there are two preliminary issues the court must address. First, plaintiff's response to defendants' statement of material facts fails to comply with

1

Local Rule 56.1. Local Rule 56.1 provides that a response to a statement of material facts must contain, among other things, "numbered paragraphs, each corresponding to and stating a concise summary of the paragraph to which it is directed." L.R. 56.1(b)(3)(A). Plaintiff failed to provide a concise summary of the paragraphs in defendants' statement of material facts to which it was responding. (Doc. 130). The Seventh Circuit has "consistently upheld district judges' discretion to require strict compliance with Local Rule 56.1." Flint v. City of Belvidere, 791 F.3d 764, 767 (7th Cir. 2015). However, for purposes of expediency, the court will consider plaintiff's response, despite plaintiff's failure to comply with the Local Rule.

Next, plaintiff's response brief cites to no legal authority, despite making legal arguments. (Doc. 130). The only citation provided is "City of Canton." (Doc. 130, 6). Plaintiff fails to provide either the citation or the full name of the case. It is not the role of the court to construct legal arguments for the parties, especially when the parties are represented by counsel. Duehning v. Auror E. Unified School Dist. 131, No. 13 C 5617, 2015 WL 500876, at *3 (N.D. Ill. 2015) (a court is not required to conduct legal research and construct arguments for a represented party); United States v. Dunkel, 927 F.2d 955, 956 (7th Cir. 1991) (judges are not "like pigs, hunting for truffles in briefs"). While the court understands that plaintiff filed his own motion for summary judgment, plaintiff is still required to provide arguments and legal citations in a response brief. Further, plaintiff cites to several depositions in his statement of material facts, motion for summary judgment, and response brief, but failed to attach those exhibits for the court to review. The court should not have to parse through the parties' exhibits and documents to construct undisputed facts. Rather, it is "[a]n advocate's job to make it easy for the Court to rule in his client's favor." Dal Pozzo v. Basic Machinery Co., Inc., 463 F.3d 609, 613 (7th Cir. 2006).

**2) Facts for Summary Judgment**

Plaintiff is a practicing pharmacist residing in Cook County, Illinois. On September 12, 2017, plaintiff was 32 years old with a medical history that included traumatic brain injury, epileptic seizures, anxiety, depression, and ADHD. Defendant Licari is a Village police officer who began working as an officer on December 26, 2016. The Village is a municipality in the Northern District of Illinois.

Plaintiff states that on September 12, 2017, he felt unwell after having worked seven consecutive overnight shifts. After completing his final shift, plaintiff went to his parents' house and slept until 4:00 p.m. Plaintiff then went to his girlfriend's house in Palatine. He attempted to eat, but threw up shortly thereafter. He did not consume any alcohol or drugs. After his girlfriend went to sleep, plaintiff left to drive home to Chicago.

Plaintiff cannot recall any events between leaving his girlfriend's house and waking up to two police officers shining flashlights in his car. Defendant Licari and Officer Baker were the two police officers on scene. The parties agree that plaintiff crashed his car into a utility pole. We now know that plaintiff suffered a seizure while driving, which resulted in the crash and a head injury. However, when questioned at the scene, plaintiff was unable to report how the crash occurred. Indeed, plaintiff made strange and false statements at the scene, such as misstating his age, saying "I was not in an accident," "I live in Chicago-Miami," and "I had one beer with Scott."[1] Plaintiff also repeatedly stated that he was "fine."

Defendant Licari, who had been on active patrol duty for about nine months, testified that he observed that plaintiff was confused, slurred his speech, had red, bloodshot eyes, and was unable to balance. Defendants assert that there was no indication of any injury or physical harm

---

[1] Scott is plaintiff's brother and was not in Chicago on the night in question. Plaintiff had not, in fact, had any alcohol or drugs that day.

to plaintiff. After these initial observations, Licari and Baker dismissed the ambulance on scene. No medical personnel spoke with, or evaluated, plaintiff. According to plaintiff, neither Licari nor Baker had been trained on how to recognize a person suffering from a medical condition or head injury. Licari testified that he thought plaintiff's statements "didn't make sense and there had to have been more going on with him." Licari assumed that plaintiff was intoxicated.

Licari performed a standard field sobriety test, which plaintiff failed. The second officer on the scene searched plaintiff's car and did not find any evidence of alcohol or drug consumption. Licari further testified that he did not smell alcohol on plaintiff, and that Village police officers do not carry portable breathalyzer devices. Licari subsequently placed plaintiff under arrest for driving under the influence of alcohol ("DUI") and took him to the Village police department.

At the police department, an officer administered a breathalyzer test. The parties dispute whether plaintiff consented to the breathalyzer. The result of that test was .000. Despite that result, Licari charged plaintiff with a DUI for alcohol. Licari then transported plaintiff to Northwest Community Hospital for a blood test and DUI kit. A nurse at the hospital asked plaintiff if he needed to see a doctor. Plaintiff responded that he did not.

After the hospital performed the DUI kit, Licari took plaintiff back to the Village police department for processing. Plaintiff asserts that processing plaintiff at this time violated Village policies.[2] Defendants claim that plaintiff was released from custody and then had another seizure

---

[2] The relevant policy states that if a person blows a .000 breath test, the officer "must notify a supervisor and a decision should be made about whether to take the person to the hospital for a blood draw or not." (Doc. 123, 7). The policy further states "DO NOT process the person in the system" and reminds officers that even if a court later "nolle pros" the charge, it still affects the person's record as it shows an arrest for a DUI, "which we all know can be hazardous to one's livelihood and future, when they didn't really do anything to deserve such a label." (Id.). Plaintiff faults Licari for failing to notify a supervisor of plaintiff's .000 breath test, making the decision himself to take plaintiff to the hospital for a DUI kit without speaking to a supervisor, and processing and charging plaintiff despite the .000 breath test.

while waiting for a taxi. Plaintiff disputes this claim, and instead asserts that plaintiff suffered another seizure while being processed by Officer Christudhas for the DUI. Officer Christudhas testified that he was with plaintiff during the booking process and that he saw plaintiff fall off his stool and start to twitch. Officer Christudhas called an ambulance, and plaintiff was taken to the hospital.

The results of the DUI kit did not arrive until December 2017. Plaintiff tested negative for both alcohol and drugs. Licari testified that he did not inform the prosecutor of the DUI kit results. The Circuit Court of Cook County dismissed the case on December 12, 2017, and entered an order of nolle prosequi.

Plaintiff filed suit, alleging various forms of damages, including that he struggled to find employment because of the DUI arrest on his record, he suffered a head injury at the police station during his second seizure that resulted in frequent headaches, frequent seizures, nausea, and memory loss, and that he now suffers from PTSD. After taking discovery, the parties filed the instant motions for summary judgment.

## LEGAL STANDARD

Summary judgment is proper where there is "no dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A genuine dispute as to any material fact exists if "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). The party seeking summary judgment has the burden of establishing that there is no genuine dispute as to any material fact. See Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986). In determining whether a genuine issue of material fact exists, the court must construe all facts and reasonable inferences in the light most favorable to the nonmoving party. See CTL ex rel. Trebatosky v.

Ashland Sch. Dist., 743 F.3d 524, 528 (7th Cir. 2014). But the nonmovant "is only entitled to the benefit of inferences supported by admissible evidence, not those 'supported only by speculation or conjecture.'" Grant v. Trus. of Ind. Univ., 870 F.3d 562, 568 (7th Cir. 2017).

## DISCUSSION

### 1) Counts III & IV—False Arrest

Plaintiff brings a state law claim for false arrest (Count III) as well as a § 1983 claim for false arrest (Count IV). Plaintiff moved for summary judgment on Count III. Defendants moved for summary judgment on Counts III and IV, arguing that both counts fail because Licari had probable cause to arrest plaintiff.

The existence of probable cause bars a false arrest claim under both Illinois law and § 1983. Williams v. City of Chicago, 733 F.3d 749, 756 (7th Cir. 2013); Mustafa v. City of Chicago, 442 F.3d 544, 547 (7th Cir. 2006) ("Probable cause to arrest is an absolute defense to any claim under Section 1983 against police officers for wrongful arrest."). "A police officer has probable cause to arrest an individual when the facts and circumstances that are known to him reasonably support a belief" that the individual has committed or is about to commit a crime. Holmes v. Vill. of Hoffman Estates, 511 F.3d 673, 679 (7th Cir. 2007). To make this determination, the court must "step into the shoes of a reasonable person in the position of the officer," considering the facts known to the officer at the time. Williams, 733 F3d at 756 (citing Carmichael v. Vill. of Palatine, 605 F.3d 451, 457 (7th Cir. 2010). If defendants had probable cause to believe that plaintiff was guilty of a crime, their alleged malicious motives are immaterial. Terket v. Lund, 623 F.2d 29, 31 (7th Cir. 1980).

Here, it was reasonable for Licari to arrest plaintiff for a DUI. Plaintiff was in a car accident but could not relay any details of the accident. Plaintiff reported that he was not injured

6

and was "fine." He further reported that he had one beer with his brother. At the time, Licari had no way of knowing that this statement was false. Licari testified that plaintiff had red, bloodshot eyes, slurred speech, and was unable to balance. Licari performed a standard field sobriety test, which plaintiff failed. Although there was no odor of alcohol and no signs of alcohol or drug consumption in plaintiff's car, there were plenty of other indicators suggesting that plaintiff was under the influence of drugs or alcohol. Given these facts, and considering what Licari knew at the time, defendant Licari had probable cause to arrest plaintiff for a DUI. See, for example, People v. Day, 67 N.E.3d 607 (3rd Dist. 2016) (to find probable cause for a DUI, observations such as bloodshot eyes, slurred speech, and odor of alcohol have to be corroborated by other factors such as poor driving, stumbling, falling, or an inability to communicate); People v. Anderson, 1 N.E.3d 54, 60 (2nd Dist. 2013) (officer had probable cause to arrest defendant for DUI when defendant was swaying and could not explain his car accident). The court grants summary judgment for defendants on Counts III and IV.[3] Plaintiff's motion for summary judgment on Count III is denied.

**4) Count V—Failure to Provide Necessary Medical Care**

Plaintiff brings a claim under § 1983 for failure to provide necessary medical care. Plaintiff brings this claim against both Licari and the Village, asserting different theories of relief for each defendant. Plaintiff and defendants have moved for summary judgment on this count.

Plaintiff's claim for failure to provide necessary medical care against Licari is governed by the Fourth Amendment. Williams v. Rodriguez, 509 F.3d 392, 403 (7th Cir. 2007); Lopez v. City of Chicago, 464 F.3d 711, 719 (7th Cir. 2006) ("The Fourth Amendment governs the period of confinement between arrest without a warrant and the preliminary hearing at which a

---

[3] Having determined that Count IV fails due to probable cause, the court declines to address defendants' arguments regarding qualified immunity.

7

determination of probable cause is made…."). The standard under the Fourth Amendment asks whether "an officer's conduct was objectively unreasonable under the circumstances." Williams, 509 F.3d at 403. To determine whether the failure to provide medical care was objectively unreasonable, courts consider four factors: "(1) whether the officer has notice of the detainee's medical needs; (2) the seriousness of the medical need; (3) the scope of the requested treatment; and (4) police interests, including administrative, penological, or investigatory concerns." Ortiz v. City of Chicago, 656 F.3d 523, 530 (7th Cir. 2011). For the first factor, an officer can receive notice either by the arrestee's words or through observation of the arrestee's symptoms. Williams, 509 F.3d at 403 (citing Sides v. City of Champaign, 496 F.3d 820 (7th Cir. 2007)).

Here, Licari's failure to provide medical care was not objectively unreasonable. There is no indication in the record that Licari had notice of plaintiff's medical need. When questioned by Licari, plaintiff stated that he was "fine." Plaintiff did not report that he had any medical conditions and did not request any medical treatment. Any observations of plaintiff's symptoms, such as strange behavior and inability to balance, were easily explained by plaintiff's statement that he had a beer with his brother. It was accordingly reasonable for Licari to assume that plaintiff was acting strangely because he was impaired, and not because he needed medical attention. No reasonable jury could find for plaintiff on this claim.

Plaintiff's next theory is that Village is liable under § 1983 for failure to train its police officers on how to recognize a medical emergency and when an arrestee is suffering from a medical condition. Under City of Canton, Ohio v. Harris, "the inadequacy of police training may serve as the basis for § 1983 liability only where the failure to train amounts to deliberate indifference to the rights of persons with whom the police come into contact." 489 U.S. 378, 388 (1989). "In resolving the issue of a city's liability, the focus must be on adequacy of the training

program in relation to the tasks the particular officers must perform…Moreover, for liability to attach in this circumstance the identified deficiency in a city's training program must be closely related to the ultimate injury." (Id.); see also, Larpe v. City of Chicago, 911 F.3d 424, 437 (7th Cir. 2018).

Plaintiff cites to Baker and Licari's deposition testimony to show that the Village did not train its officers on how to recognize medical issues such as seizures or head injuries. Both officers testified that they were not trained to recognize medical emergencies and they were not aware of any such training programs. However, plaintiff has not provided any evidence from which the court or a jury could infer deliberate indifference. There is no evidence that the Village ignored a recurring problem, and the record does not "reflect a 'deliberate' or 'conscious' choice by a municipality." 489 U.S. at 389. Consequently, the court grants summary judgment for defendants on Count V.

**2) Remaining State Law Claims**

The court has determined that defendants are entitled to summary judgment on all of plaintiff's federal claims. All that remains are strictly state law claims against in-state defendants: Count I, malicious prosecution under state law; Count II, civil battery under state law; Counts VI and VII, willful and wanton conduct under state law; and Counts VIII and IX, indemnification and respondeat superior under state law. As such, the court declines to exercise supplemental jurisdiction and declines to address the merits of these claims. 28 U.S.C. 1367(c)(3).

## **CONCLUSION**

For the reasons stated above, plaintiff's motion for summary judgment is denied for Counts III and V. Defendants' motion for summary judgment is granted for Counts III, IV, and V.

The court declines to exercise supplemental jurisdiction over the remaining state law claims in Counts I, II, VI, VII, VIII, IX. 28 U.S.C. § 1367(c)(3).

**ENTER:**

**Robert W. Gettleman**
**United States District Judge**